UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK      For Online Publication Only
----------------------------------------------------------------------X
ANNA Y. GUAN,

                         Plaintiff,

     v.-                                         **MEMORANDUM & ORDER**
                                                       16-cv-2180 (JMA) (ARL)

NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,

                         Defendant.
----------------------------------------------------------------------X

**APPEARANCES:**

     Anna Y. Guan
          *Pro Se Plaintiff*

     Susan M. Connolly
     Assistant Attorney General
     300 Motor Parkway, Suite 205
     Hauppauge, New York 11788
          *Attorney for Defendant*

**AZRACK, United States District Judge:**

        Pro se plaintiff Anna Y. Guan advances employment discrimination claims against the defendant. Plaintiff's claims arise from allegations concerning the conditions of her employment.

        Before the Court is defendant's motion to dismiss the complaint in its entirety on a number of different grounds, including improper sevice. Because plaintiff has failed to effect proper service of her complaint, however, the Court grants plaintiff an extension of time in which to effect proper service. If plaintiff fails to do so, the Court will dismiss the complaint and close the case. The Court therefore does not reach defendant's remaining arguments.

        Pursuant to Federal Rule of Civil Procedure 4(j)(2), service on a "state, a municipal corporation, or any other state-created governmental organization" must be effected either by "delivering a copy of the summons and of the complaint to [the state entity's] chief executive

officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Under New York law, a state agency may be served by either of two methods: (1) by personal delivery "to the chief executive officer of the agency or to a person designated by such chief executive officer to receive service," or (2) "by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency" and by "delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney general within the state." N.Y. C.P.L.R. 307.

Plaintiff submitted an affidavit of service indicating that the summons was personally served by Yingshu Guan at 625 Broadway, Albany, New York, on May 11, 2016. (Sworn Proof of Service, ECF No. 6.) Although the defendant here is an entity, the process server used the option on the form affidavit of service corresponding to service on an individual defendant. The affidavit of service does not provide the name of any individual who was served.

The Court concludes that plaintiff has failed to effect service upon the defendant as required by the Federal Rules of Civil Procedure. By November 1, 2017, plaintiff is directed to serve the defendant in accordance with the procedures laid out above and to file proof of service that shows such compliance with the Court. Failure to do so will result in dismissal of the case.

**SO ORDERED.**

Date: September 30, 2017
Central Islip, New York

                    \_\_\_\_\_/s/ (JMA)_____
                    Joan M. Azrack
                    United States District Judge