```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X           For Online Publication Only
ANNA Y. GUAN,

                Plaintiff,

        -against-                                    MEMORANDUM AND
                                                     ORDER
NEW YORK STATE DEPARTMENT OF                         16-CV-2180 (JMA) (ARL)
ENVIRONMENTAL CONSERVATION,

                Defendant.
─────────────────────────────────────────X
```

**APPEARANCES:**

Anna Y. Guan
90-10 32nd Avenue, Apt. 203
East Elmhurst, NY 11369
    *Pro se Plaintiff*

Susan M. Connolly
N.Y.S. Office of the Attorney General
300 Motor Parkway
Hauppauge, NY 11788
    *Attorney for Defendant*

**FILED
CLERK**

5/7/2020 1:10 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      On May 2, 2016, *pro se* plaintiff Anna Y. Guan ("Plaintiff") filed a complaint in this Court against her former employer, New York State Department of Environmental Conservation ("Defendant") alleging violations of Title VII, the ADA, and GINA. (ECF No. 1.) The Court granted Defendant's motion to dismiss Plaintiff's complaint by Memorandum and Order dated March 30, 2019, but, considering Plaintiff's *pro se* status, granted her 30 days to file an amended complaint to allege any timely Title VII and ADA claims (i.e. any claims that occurred in or after March 2014). (ECF No. 20.) Plaintiff filed an amended complaint on April 19, 2019, (ECF No. 21), and filed a document titled "Supplemental Complaint" on April 24, 2019. (ECF No. 22, together with ECF No. 21, the "Amended Complaint.") Before the Court is Defendant's motion

to dismiss the Amended Complaint. (ECF No. 32.) For the reasons stated below, the Court grants Defendant's motion and dismisses the Amended Complaint in its entirety.

The Court assumes the parties' familiarity with the facts of the case and its procedural history, which were laid out in detail in the Court's March 30, 2019 Memorandum and Order.[1] Plaintiff's Amended Complaint largely mirrors the claims and facts put forth in her initial complaint and still fails to state any timely claims under Title VII or the ADA.[2]

Just as in the initial complaint, the vast majority of the allegations Plaintiff describes in the Amended Complaint occurred well before March 2014, so any Title VII or ADA claims based on those events are untimely. Plaintiff's initial complaint alleged that she filed a complaint with the EEOC on or about January 21, 2015, so, in the March 30, 2019 Memorandum and Order, the Court only considered claims related to allegedly discriminatory acts that took place on or after March 27, 2014. (See ECF No. 1-2, at 4.) However, Plaintiff has now attached to the Amended Complaint a document addressed to the EEOC, dated January 4, 2015, complaining of discrimination and harassment. (ECF No. 21-6, at 1–3.) Thus, construing the Amended Complaint as liberally as possible, this new document indicates that Plaintiff contacted the EEOC on January 4, 2015. As such, any claims that accrued on or after March 10, 2014 (300 days prior to January 4, 2015)—rather than on or after March 27, 2014—can be considered by the Court.[3] See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 78–79 (2d Cir. 2015); Nat'l R.R. Passenger Corp.

---

[1] Any definitions used the Court's March 30, 2019, Memorandum and Order retain their definition herein.

[2] Defendant asks the Court to disregard factual assertions raised by Plaintiff in her opposition papers that Defendant contends were not raised in the Amended Complaint. (See ECF No. 32-3 at 3–4.) Even if the Court were to consider these "new" allegations with deference to Plaintiff's *pro se* status, the alleged facts in Plaintiff's opposition papers that were highlighted by Defendant took place prior to March 2014 and are thus not timely.

[3] While Plaintiff now contends that her termination was a "continuous process" and thus all of her pre-March 2014 allegations of discrimination can be considered by the Court, (ECF No. 32-2, at 8), Plaintiff has not plausibly alleged a "continuing violation" that would permit her to pursue any untimely claims. See Guan v. New York State Dep't of Envtl. Conservation, No. 16-CV-2180, 2019 WL 1284260, at *3 n.7 (E.D.N.Y. Mar. 20, 2019).

2

v. Morgan, 536 U.S. 101, 114 (2002).  This, however, does not change the Court's holding, that

> none of the allegations of discrimination that took place prior to March 2014 (such as [Plaintiff's] claims that she received a higher number of worse jobs and was not given safety equipment, or that she was forced to take Workers' Compensation Leave) can be brought in this Court. . . . [A]ny claims related to actions prior to March 2014 are dismissed.

Guan v. New York State Dep't of Envtl. Conservation, No. 16-CV-2180, 2019 WL 1284260, at *3 (E.D.N.Y. Mar. 20, 2019).  All of these potential claims accrued before March 10, 2014 and are, therefore, dismissed.

With respect to actions that Plaintiff contends took place beginning in March 2014, the Amended Complaint fails to specify any details to plausibly allege that such actions were in any way motivated by discrimination due to Plaintiff's race, gender, national origin, and/or disability. Indeed, Plaintiff's complaints about how her leave credits and health insurance were treated while she was on leave, as well as her ultimate termination, are nearly identical to her initial complaint, and she alleges nothing new that suggests any of these actions were motivated by discriminatory intent.

While Plaintiff's claims are difficult the parse, the only discernible "new" allegation in the Amended Complaint that might fall in the relevant timeframe is Plaintiff's assertion that while on leave, she did not have the right to go to back work as a "work-related disability employee," but others who were sick at home were granted that right. (ECF No. 21-1, at 3.)  Plaintiff further contends that she was required to provide medical documentation that she would be able to perform all her duties, or request a reasonable accommodation before returning to work, whereas other employees could go back to work if they are sick without medical documentation. (Id. at 5.)  To support this conclusory allegation, Plaintiff identifies one white female engineer, who she says "took leave, came back to work, took leave again, came back to work again . . . [and] was not required to provide the medical documents which state that she was able to perform full duties of

3

her position or request to apply performing [*sic*] the duties of her job with a reasonable accommodation." (Id.)

This plainly fails to state a claim under either Title VII or the ADA. Plaintiff does not identify any instance in which she requested to return to work and was denied, nor that the medical documentation requirement was the reason she could not return to work, and not her disability. Indeed, Plaintiff does not allege that was able to perform her job (with or without medical clearance or a reasonable accommodation) while she was on leave, and certainly not during the period beginning in March 2014. Thus, as the Court previously recognized, Plaintiff has not plausibly alleged that she was "qualified" to perform her job to plausibly state a claim under the ADA, or under Title VII. See Guan, 2019 WL 1284260, at *6.

Furthermore, Plaintiff does not allege that the identified white female engineer was on Workers' Compensation Leave and treated differently than Plaintiff, nor does she explain how this individual was otherwise similarly situated to Plaintiff in all material respects to serve as a comparator for a race or national-origin discrimination claim under Title VII. Finally, the Amended Complaint does not allege that Plaintiff was treated differently because of her alleged disability; instead, Plaintiff seems to again contend that employees on Workers' Compensation Leave in general (described by Plaintiff as "work-related disability employee[s]") are treated differently from employees who are out sick because their illness or disability was not work-related. (See ECF No. 21-1, at 3, 5.) The Court has already expressly held that such an allegation "fails to allege a plausible discrimination claim under the ADA." Guan, 2019 WL 1284260, at *5.

Accordingly, for all the reasons outlined herein, and as set forth in the Court's March 30, 2019 Memorandum and Order, the Amended Complaint fails to plausibly allege a claim of discrimination under either Title VII or the ADA. As the Court is dismissing Plaintiff's federal claims for failure to state a claim, and the only basis for subject matter jurisdiction is 18 U.S.C.

§ 1331, the Court declines to exercise supplemental jurisdiction over any potential state-law claims and dismisses the Amended Complaint in its entirety.

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). However, "a district court may deny [a *pro se* plaintiff] leave to amend when amendment would be futile." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (citations omitted). Here, the Court already granted Plaintiff an opportunity to amend her complaint and specifically outlined the deficiencies for Plaintiff to redress. Plaintiff instead parroted back a largely identical set of claims and facts, many of which, as the Court previously found, were untimely. The Court thus finds no reason to permit Plaintiff to amend the complaint a second time.

For the reasons stated above, Defendant's motion to dismiss is GRANTED and Plaintiff's Amended Complaint is dismissed in its entirety without leave to amend.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should she seek *in forma pauperis* status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to the *pro se* Plaintiff and to mark this case closed.

**SO ORDERED.**
Dated: May 7. 2020
Central Islip, New York

                                                                         /s/  (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE